IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-48,519-08 AND WR-48,519-09






EX PARTE ROY DESHAN TAYLOR, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. FR41853 AND FR41854 IN THE 264TH DISTRICT COURT


FROM BELL COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of delivery of a controlled substance and sentenced to twenty-five (25) years' imprisonment on each
count. 

 Applicant alleges inter alia that the Texas Department of Criminal Justice ("TDCJ") is
applying the incorrect statute when considering him for release on mandatory supervision. 
Specifically, he contends that the TDCJ is applying the so-called discretionary mandatory
supervision statute codified in Tex. Gov't Code, § 508.149 (b)&(c) to his case. He contends that
he committed his offenses before September 1, 1996, and that the now repealed Tex. Code Crim.
Proc, Art. 42.18, § 8(c) applies to his case and that he pursuant to that statute should have been
released on mandatory supervision. 

 Applicant has alleged facts which, if true, could entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in that it shall order the General
Counsel's Office of the TDCJ to obtain affidavit from the appropriate officials addressing: (1)
whether Applicant is classified as eligible for mandatory supervision; and, (2) what statute the TDCJ
is using when it considers Applicant for release on mandatory supervision. If Applicant is classified
as ineligible for mandatory supervision, the affidavit shall explain why Applicant is classified as
ineligible. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact as to whether Applicant is eligible for mandatory
supervision and, if so, what statute the TDCJ is using when it considers him for release on mandatory
supervision. If Applicant is classified as ineligible for mandatory supervision, the trial judge shall
make findings of fact as to why Applicant is ineligible for mandatory supervision. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 11, 2008

Do not publish